## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 PENSION FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, and RICHARD TOLSON, as Administrator of B.A.C. ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY,<br><br>                      Plaintiffs,<br><br>-vs.-<br><br>HIGH MOUNTAIN CONSTRUCTION, INC.,<br><br>                      Defendant. | Civ. No. 15-cv-2348 (KM)<br><br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of the Plaintiffs for a default judgment. This is a civil action under ERISA section 502(a)(3) & 515, 29 U.S.C. §§ 1132(a)(3) & 1145, as well as Section 301 of the LMRA, 29 U.S.C. § 185. Plaintiffs, a union and various pension and other funds, seek to collect delinquent employer contributions from the defendant, High Mountain Construction, Inc. For the reasons stated herein, the motion will be granted.

### BACKGROUND

#### 1. The complaint

The following facts are taken from the complaint. (ECF no.1)

B.A.C. Local 4 (the "Union") is a labor union representing bricklayers, cement masons, plasterers, and other associated trades in a specified area. The pension fund at issue (the "Local 4 Pension Fund") and the New Jersey B.A.C. Annuity Fund ("Annuity Fund") are employee benefit plans under ERISA. *See* 29 U.S.C. §§ 1002(37) & 1145. The New Jersey B.A.C. Health Fund (the "Health Fund"), the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund"), the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund"), and the International Masonry Institute (the "IMI") are employee benefit plans and multiemployer plans. *See* 29 U.S.C. §§ 1002(3), 1002(37). They sue *via* their employer and employee trustees. Plaintiff Richard Tolson is the Administrator of the B.A.C. Administrative District Council of New Jersey, and in that capacity sues on behalf of the Union.

The defendant is High Mountain Construction, Inc. Certain of its employees are represented by B.A.C. It is an employer under ERISA, 29 U.S.C. §§ 1002(5) and 1145.

High Mountain and the Union are parties to a Collective Bargaining Agreement ("CBA"). Under the CBA, High Mountain is obligated to contribute to the Funds enumerated above for each hour of covered work performed by its employees, and to forward dues check-offs and other contributions to the Union.

The complaint (Cplt. ¶¶ 14–20) alleges that employees performed covered work, and that required contributions came due, as follows:

| Project Name | Dates | Delinquent Contributions | Delinquent Dues |
|---|---|---|---|
| Norfolk St. | 6/4/14–12/2/14 | $18,640.36 | $1285.24 |
| Ft. Lee | 7/23/14–7/29/14 | $1178.00 | $80.00 |
| Henry St. | 10/22/14–2/3/15 | $244,327.44 | $21,722.95 |
| Paul Miller | 9/5/14–11/18/14 | $11,808.53 | $742.18 |
| Courthouse | 8/24/14–12/9/14 | $31,639.84 | $2194.52 |
| West District | 7/28/14–8/19/14 | $4712 | $320 |
| LFC | 1/28/15–3/17/15 | $53,649.78 | $3255.07 |

The complaint then alleges smaller delinquencies with respect to named individual employees at the same projects. (Cplt. ¶¶ 21–30) Whether these are included in the aggregate totals is not clarified.

The complaint alleges that, under section 515 of ERISA, 29 U.S.C. § 1145, the employer was required to, but did not, make these contributions. Under section 502(g)(2), 29 U.S.C. § 1132(g)(2), such a delinquency entitles the plan recover the contributions plus interest, liquidated damages and attorney's fees.

The plan documents for the Health, Apprentice, and International Pension Funds, and the IMI, specify liquidated damages of 20%. The Health and Apprentice Funds specify interest at a rate of 10% per annum; the other two specify 15% per annum. (Cplt. ¶ 35)

The complaint seeks judgment in favor of the Funds in the amount of $371,387.30; judgment in favor of the Union in the amount of $29,970.08; plus attorney's fees, interest, and costs.

### 2.    Other facts

The Declaration of Gary Mercadante annexes a copy of the CBA (ECF no. 7-1) and a signature page binding High Mountain to the CBA for the period May 1, 2013 through April 30, 2016 (ECF no. 7-2). The Declaration verifies the calculation of delinquent charges, liquidated damages and interest. (ECF no. 7) It attaches relevant payroll records. (ECF no. 7-3)

The Declaration of Michael Bauman attaches records of attorney time charges, fees and costs totaling $1433.19. (ECF no. 6-1)

A proposed judgment is annexed. (ECF no. 6-2) Plaintiffs later submitted a revised proposed form of judgment. (ECF no. 12-1)

## LEGAL STANDARD AND DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

## I.    Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of a corporate entity may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is

4

made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

Plaintiffs have submitted proof of personal service of the complaint on April 17, 2015. (ECF no. 3) Defendant had twenty-one days to file an answer or otherwise respond. No response has been received. The clerk entered default on May 15, 2015. (Entry following ECF no. 4) Plaintiffs served and filed their motion for default judgment on May 28, 2015. (ECF nos. 5, 8)

Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II. Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

The evaluation of the first factor is always complicated by the defendant's failure to answer or to oppose the motion. My independent review of the record, however, does not suggest that the claims are legally flawed or that defendant

could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at \*5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the Plaintiffs have successfully stated claims for relief as against Defendant.

The existence of the CBA, the delinquencies, and the entitlement to relief under ERISA are amply alleged, as set forth above. Nothing in the documents before the Court suggests that Defendant possesses a meritorious defense.

The second and third factors also weigh in favor of default. Defendant was properly served, but failed to appear or defend in any manner. It is clear that each Plaintiff has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at \*4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at \*2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at \*4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at \*1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment. I will grant the motion for default judgment.

### III.    Remedies

Plaintiffs seek damages as detailed above, consisting primarily of the delinquent contributions. They have submitted documentary evidence in support of their demands, while Defendant has submitted nothing. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

That record is sufficient, and I will sign the proposed Judgment submitted by Plaintiffs. Post-judgment per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, the motion is granted, and the proposed default judgment will be entered against defendant High Mountain and in favor of plaintiffs.

KEVIN MCNULTY, U.S.D.J.

Dated:  March 9, 2016